**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| |
|---|
| TEMISTOCLES RAMIREZ DE ARELLANO D/B/A TRAICO, |
| Plaintiff, |
| v. |
| BUDENHEIM USA, INC., |
| Defendant. |

CIVIL NO. 10-1490 (PG)

**OPINION AND ORDER**

Before the Court now is plaintiff Temistocles Ramirez de Arellano d/b/a Traico (hereinafter "Plaintiff" or "Traico") motion to remand (Docket No. 11) and defendant Budenheim USA, Inc.'s (hereinafter "Defendant" or "Budenheim") opposition (Docket No. 13) thereto. After a careful review of the parties' motions and the applicable law, this Court finds that Plaintiff's motion to remand should be **DENIED**.

**I. BACKGROUND**

Plaintiff commenced the instant action in the Court of First Instance of Puerto Rico, San Juan Superior Part on May 4, 2010 pursuant to the Puerto Rico Sales Representative Act of 1990, Law No. 21 of December 5, 1990 ("Law No. 21"), P.R. Laws Ann. tit. 10, §§ 279 *et seq*. According to the allegations in the complaint, Plaintiff entered into an agreement with Gallard Schlesinger Industries, Inc. ("Gallard"), which is now owned by the Defendant, whereby it became its exclusive sales representative in Puerto Rico. See Docket No. 7-1. Budenheim is a New York corporation with its principal place of business in Ohio. In the complaint, Traico alleges that Defendant terminated its exclusive representation rights without just cause in violation of Law No. 21.

On June 3, 2010, Budenheim filed a petition for removal to this District Court invoking its diversity jurisdiction. See Docket No. 1. On June 30, 2010, the Plaintiff filed a motion to remand arguing that this Court lacks jurisdiction inasmuch as the amount in controversy is less than $75,000.00 as per the allegations in the complaint. See Docket No. 11. In its opposition, the Defendant contends that, despite Plaintiff's allegations, the damage provisions of Law No. 21 invoked by Plaintiff in its complaint provide for damages in an

Civil No. 10-1490 (PG)                                                                       Page 2

amount higher than $75,000. See Docket No. 13. Defendant also suggests that the amount claimed by the Plaintiff in the complaint, namely, $70,000, may have been pleaded for the purpose of avoiding federal jurisdiction. See id.

## II. DISCUSSION

"The district courts of the United States are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." See In re Olympic Mills Corp., 477 F.3d at 6 (citing Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994)). "A cause of action may be maintained in federal court only if it involves a question of federal law, or if the controversy is between citizens of different states and the amount in controversy exceeds $75,000." Hall v. Curran, 599 F.3d 70, 71 (1st Cir.2010) (citing 28 U.S.C. §§ 1331, 1332).

To that effect, Section 1441 of title 28 of the United States Code provides that:
> … any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. …

28 U.S.C. § 1441(a). "When a removal is premised on diversity jurisdiction, only defendants may remove a case from state to federal court and only when none of the named defendants is a citizen of the state in which the action was originally brought." Soto-Velez v. BCBG Max Azria, Inc., 589 F.Supp.2d 147, 148 (D.P.R. 2008) (citing 14B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3723 (3rd ed.); 28 U.S.C. § 1441(b)). "[T]he party requesting removal bears the burden of showing that removal is proper." Renaissance Marketing, Inc. v. Monitronics Intern., Inc., 606 F.Supp.2d 201, 205 (D.P.R. 2009) (citing Vigier v. Marin, 568 F.Supp.2d 193 (D.P.R.2008)) That is, the removing party must establish that no plaintiff is a citizen of the same state as any of the defendants and that the amount in controversy exceeds $75,000, excluding interests and costs. See MB Auto Care Management, Inc. v. Plaza Carolina Mall, L.P., 695 F.Supp.2d 1, 2 (D.P.R. 2010) (quoting see 28 U.S.C. § 1332).

The longstanding test established in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), for determining whether a party has met the amount in controversy states as follows:
> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the

Civil No. 10-1490 (PG)                                                    Page 3

>           claim is really for less than the jurisdictional amount
>           to justify dismissal.

St. Paul, 303 U.S. at 288-89 (footnotes omitted). "When applying this test, a court must look at the circumstances at the time the complaint is filed. … Plaintiffs' "general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court." Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir.2004) (quoting Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir.2001)). "If the opposing party questions the damages allegation, then the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Stewart, 356 F.3d at 338 (internal citation and quotation marks omitted).

In the complaint, the Plaintiff stated that the Defendant violated Act No. 21 and is thus entitled to compensation in the amount of $70,000.00. See Docket No. 7-1. The Defendant removed the case from state court and in its notice of removal it claims that complete diversity exists and that, pursuant to the applicable law, Plaintiff's damages, if proven, would exceed $75,000 inasmuch as the sales totals for the 2006-2010 period exceeded $1.6 million and the statute calls for damages amounting to five percent (5%) of the total sales volume. See Docket No. 1. On the other hand, in its motion to remand, the Plaintiff requests the case be returned to state court because "the amounts received by Traico from Budenheim during the last five years are: 2009-$16,681.79; 2008-$12,549.80; 2007-$17,842.80; 2006-$7,663.99; and 2005-$14,218.33. Those amounts total $68.926.71." Docket No. 11 at page 2. Accordingly, the Plaintiff contends that the compensation normally claimed in these cases is the earnings of the sales representative during the last five years, and thus, the claim falls short of the jurisdictional amount. See id.

Article 4 of Law No. 21 provides that if there is no just cause for the termination, impairment or refusal to renew the sales representation contract, the principal shall compensate the sales representative for the damages caused, which shall be determined by taking into account the following factors:

> (a) The actual value of all investments and expenses incurred by the sales representative in the performance of his duties, to the extent in which they are not easily and reasonably used for some other activity in which the sales representative is regularly engaged.
>
> (b) The good will of the business, or the part thereof that is attributable to the representation of the merchandise or rendering of the services in question, to be determined taking into account the following terms:

Civil No. 10-1490 (PG)                                                    Page 4

>     (1) The number of years that the sales representative has been in charge of the representation;
>     (2) the present volume of the representation of the merchandise or the rendering of the services in question and the proportion it represents in the business;
>     (3) the Puerto Rican market share represented by said volume;
>     (4) any other factor that may equitably help to establish the amount of said good will.
>
>     (c) The amount of the benefits obtained from the representation of the merchandise or in the rendering of services, as the case may be, during the last five (5) years, or if less than five (5), five (5) times the average of the annual benefits obtained during the last years, whichever they are.

P.R. LAWS. ANN. tit. 10, § 279c. In the alternative, and at the request of the plaintiff, Article 5 of the applicable statute allows the court to set the damages at an amount "not greater than five percent (5%) of the total sales volume of the product or service for the years in which the representation thereof in the Puerto Rican market was in his charge … ." P.R. LAWS. ANN. tit. 10, § 279d.

   Taking the foregoing into account, as well as the information submitted by the parties in their respective filings, the Court finds that, assuming the Plaintiff were to prevail in the above-captioned claim and the compensation is set as per Article 5 of Law No. 21, then the damages would amount to five percent (5%) of the $1.6 million in sales alleged by the Defendant. That is, the Plaintiff would be entitled to $80,000 in damages. If the factors set forth in Article 4 of Law No. 21 are considered in setting the amount in controversy, the compensation would amount to $68.926.71 - the amount of the benefits the Plaintiff claims to have received in the last five years -, in addition to the actual value of all investments and expenses incurred by the Plaintiff in the performance of its duties during their 20-year relationship and the goodwill of the business. Considering the length and the extent of the relationship in question, the Court finds that the compensation owed to Plaintiff could easily reach the threshold jurisdictional amount. See Renaissance Marketing, 606 F.Supp.2d at 210-211 ("Taking into consideration the factors set forth by Law 21 for determining damages, we believe that the facts indicate that it is more likely than not that [plaintiff's] claim exceeds the $75,000 jurisdictional amount required by 28 U.S.C.A. § 1332.").

Civil No. 10-1490 (PG)                                                    Page 5

    As a result, we find that the Defendant has met its burden of showing that it is not a legal certainty that the claim involves less than the jurisdictional amount, and thus, Traico's motion to remand is **DENIED**.

### III. CONCLUSION

    In light of the foregoing, this Court finds that Defendant properly removed this case to federal court, and thus, **DENIES** Plaintiff's motion to remand (Docket No. 11).

    Pending before the Court is Defendant's motion to dismiss. Having exercised jurisdiction of this case, the Court hereby orders the Plaintiff to file its opposition **within ten (10) days** from the entry of this order. No extension of time will be granted.

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, September 22, 2010.

                                                      S/ JUAN M. PÉREZ-GIMÉNEZ
                                                      JUAN M. PÉREZ-GIMÉNEZ
                                                      UNITED STATES DISTRICT JUDGE